## Case No. 16,112.

UNITED STATES v. RADOWITZ.

[8 Reporter, 263.] 1

Circuit Court, S. D. New York. June 30, 1879.

EVIDENCE—TRANSCRIPT OF AUDITOR'S BOOKS.

In an action for moneys alleged to have been paid to defendant by mistake of a government disbursing officer, a transcript of the books of the second auditor's office is not competent evidence. Section 886, Rev. St., applies only to suits against persons accountable for public moneys as such.

[Appeal from the district court of the United States for the Southern district of New York.]

Action for moneys alleged to have been paid to a defendant by mistake of a government officer. In the court below a verdict for

the defendant was directed. [Case unreported.]

WAITE, Circuit Justice. It was not error to exclude the certified transcript from the books of the second auditor's office as evidence. Section 886 of the Revised Statutes relates to suits against persons accountable for public money as such. Radowitz was sued for money alleged to have been paid him by mistake by one of the disbursing officers of the government. The records of the treasury department contain no evidence of any transaction between him and that department directly. All payments to him were made by paymasters in the army, and the entries in the second auditor's office were made from vouchers furnished by these paymasters, showing the manner in which they had disposed of the public moneys placed in their hands. If these vouchers are correct the account against Radowitz is properly stated, but if not it is wrong. The accounts which have been stated from the vouchers cannot be of any use upon the trial of such an issue. Neither was it error to exclude the vouchers as evidence of actual payment when it appeared affirmatively that Radowitz had never received the money. The judgment below should not be reversed until it is made affirmatively to appear that it was wrong. As the bill of exceptions confessedly does not contain all the evidence, I must assume there was enough to justify the court in directing a verdict for the defendant.

Judgment affirmed.